Fratoni Estate.

Argued January 17, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William F. Fox,* with him *Fox, Differ, DiGiacomo & Lowe,* for appellant.

*James R. Caiola,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, March 17, 1964:

Augostino Fratoni, a resident of Montgomery County, died without issue on April 5, 1962, survived by his widow, also a resident of Montgomery County, and by five brothers and sisters, residents of Italy. His

will, dated May 7, 1930, was duly probated, and letters issued to the widow. By the terms of the will, decedent's entire estate was given to the widow-appellant.

In 1949, decedent and his wife separated. On December 21, 1949, each being represented by counsel, Augostino and Pierina Fratoni entered into a postnuptial agreement, the presently material portions of which provide: "Whereas, the parties hereto have determined to enter into a definite and final postnuptial determination, settlement and agreement for the purpose of settling finally and determining their property rights, both as to the present and the future;

"Now, Therefore, . . . in full, complete, and final settlement and determination of all marital and property questions and rights, both present and future, and for all times hereafter, it is mutually understood and agreed as follows:

. . .

"5. Wife hereby releases and relinquishes to husband all her rights or claims of dower, inheritance, descent and distribution, and all other claims or rights growing out of the marriage relation between said parties, and wife shall be forever barred from all rights in the estate of husband, real, personal and mixed, now owned or hereafter acquired. . . .

"11. The parties hereto agree that this is not a separation agreement, but it is a postnuptial agreement, and any subsequent cohabitation or reconciliation of the parties shall not abrogate this agreement.

"12. Any resumption of the material relations between the parties to this agreement shall not abrogate this agreement."

At the audit, appellant asserted her privilege of taking under the 1930 will. Her right to do so was challenged in the light of the terms of the 1949 agreement. The orphans' court construed the agreement, particularly paragraph 5 thereof, as precluding her

from claiming or receiving any distribution from the estate of her husband. The court held that decedent had died intestate and awarded the balance in equal shares to his brothers and sisters under the Intestate Act.

Careful review of the record satisfies us that the court below correctly concluded that the specific language of the agreement itself precluded appellant's right to participate in the distribution of her husband's estate. The court significantly observed: "By virtue of the postnuptial agreement of December 21, 1949, Pierina Fratoni has released and relinquished all her right or claim to distribution. Accordingly, her rights under the will to the estate of decedent are barred.

"Counsel for decedent's widow urges that this case is controlled by Darrow Estate, where a husband's will leaving all of his estate to his wife was given effect despite a subsequent separation agreement in which the court could find nothing to effectuate a revocation of the will. 164 Pa. Superior Ct. 25. There the Superior Court first determined, however, that the separation agreement did not provide for a release of the wife's right to receive a legacy under the will although it did expressly provide that she would not claim as an heir of her spouse. Darrow Est., supra, at 30.

"In Darrow Estate, therefore, a determination of the issue of revocation of the will was necessitated by the absence of a release of the right to receive a legacy. Determination of the issue of revocation in the instant case is not necessary, however, since the postnuptial agreement expressly provides for a release and relinquishment of all rights or claims of distribution and expressly bars all the rights of decedent's widow in his estate. The broad language of the postnuptial agreement clearly includes a release, relinquishment and bar of the widow's right to take under decedent's will.

"Darrow Estate is further distinguishable in that the agreement there in issue was a separation agreement. A separation agreement ordinarily provides for a separation and for the wife's support during separation. Its provisions are usually executory in character and covenants so far as they are not executed are abrogated by mere cohabitation and reconciliation. Ray's Est., 304 Pa. 421, 427, 428.

"The instant case is concerned with a postnuptial agreement, made 'in full, complete and final settlement and determination of all marital and property questions and rights, both present and future, and for all times hereafter.' As in Ray's Estate, this postnuptial agreement must be given effect. By the terms of her own deliberate and express covenants, Pierina Fratoni is precluded from doing the things she is now attempting to do, to-wit, to make a claim of distribution and to exercise a right of distribution and a right against the estate of her husband. Her claim must be denied. See Ray's Estate, supra, at 431."

It is clear that the 1949 agreement is, in no sense, a testamentary writing, codicil or revocation of decedent's will. To constitute a revocation of the will, there must be compliance with the Wills Act of 1947, April 24, P. L. 89, as amended, 20 P.S. §§180.1-180.23. This the writing fails to do. It is equally clear that by the express terms of the agreement, appellant, in precise, definite, unmistakably broad and comprehensive legally binding language, contractually barred herself from any and all interest in her husband's estate. She agreed in a valid writing to be "forever barred from all rights in the estate of husband, real, personal and mixed, now owned or hereafter acquired." Appellant did not merely renounce her right to take as an heir, as in *Darrow Estate,* supra, but she released, relinquished, renounced, surrendered, waived and gave up any and all rights she might have under any circum-

stances or status to participate or share in the distribution of the assets of her husband's estate.

It is difficult to visualize more conclusive terms than "estate" and "distribution." Appellant may not contractually agree in 1949 to a final settlement of property rights, "both as to present and future," and by that agreement relinquish all rights in the distribution of her husband's estate, and then successfully claim in 1962 the entire estate as a beneficiary under a will executed almost twenty years prior to the agreement. To permit her to do so, we would be required to hold that the clear, express and unmistakable language of the agreement does not mean what it says.

Appellant, for the first time, contends in this Court that the lower court's determination deprived testator of his constitutional right to dispose of his property in accordance with his desires. Although this issue was not raised below and need not now be considered by us, it might be well in passing to observe that this contention is without merit or applicability. The result reached below and here affirmed is not based on interference with or limitation upon decedent's freedom to properly dispose of his estate according to law. Our decision does not involve or adversely affect testator's right to lawfully deal with his property. It rests solely and exclusively upon appellant's legal and irrevocable surrender of her right to be a beneficiary of the estate or a distributee of estate assets. By her voluntary, deliberate and affirmative contractual consent, she barred herself from all interest in the estate and gave up all right to share in any manner in the distribution of decedent's property.

Decree affirmed. Costs to be paid by the estate.