688 A.2d 733

**David CAROSONE**

v.

**Linda CAROSONE, Appellant(Two Cases).**

Superior Court of Pennsylvania.

Argued Nov. 13, 1996.

Filed Feb. 5, 1997.

Diana F. DeAngelis, Pittsburgh, for appellant.

Josephine Johnson, Washington, for appellee.

Before HUDOCK, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge.

Linda Carosone appeals two decisions of the trial court in this divorce action. We reverse the trial court's determination that a marital settlement agreement entered by the parties is binding, but we affirm its decision to bifurcate the divorce and equitable distribution proceedings.

David Carosone, appellee, instituted this divorce action on December 16, 1994. On September 20, 1995, he petitioned the court to determine the validity of a property settlement agreement which the parties entered on July 9, 1986. The agreement purportedly resolved all claims for equitable distribution, alimony, and counsel fees between the parties. A hearing was held, and in an opinion dated April 24, 1996, the trial court determined that the agreement was valid, thereby precluding wife from asserting any economic claims in this action.

On April 26, 1996, the trial court issued an order concluding the agreement was valid and bifurcating the economic claims from the divorce action. On May 8, 1996, the trial court entered a divorce decree. Appellant filed appeals from both orders.

The relevant facts follow. The parties were married on August 30, 1975, and had one child, Anthony, born January 17, 1980. In summer, 1986, the parties separated. They entered a marital settlement agreement on July 9, 1986, which provides in relevant part as follows. *"Temporary Reconciliation.* Husband and Wife agree that any reconciliation between the parties during which the parties come together to live again in the same domicile shall not void this Agreement, and this Agreement shall survive any *temporary* reconciliations between the parties." Reproduced Record at 20a (first emphasis in original, second emphasis added).

A few months later, in December, 1986, the parties reconciled. This reconciliation lasted more than seven years, and the parties did not separate again until spring, 1993. During the period of reconciliation, the parties resumed living togeth-

er and attempted to have a second child. They underwent fertility counseling and several attempts at *in vitro* fertilization. The funding for these fertilization attempts came from settlement of a personal injury action which appellant had against the manufacturer of the drug DES. Under the marital settlement agreement, appellant was to receive the first $10,000 of such settlement plus fifty-five percent of any amount in excess of the $10,000. The proceeds of the personal injury action were less than $10,000, but went solely to fund the attempts to have a child.

During this period, the parties also opened joint checking accounts to which each deposited all earnings and income. They also opened a joint savings account. From this joint savings account, appellee opened investment accounts in his sole name, which he now claims are not subject to equitable distribution due to the marital settlement agreement. They filed joint income tax returns, and made improvements to the marital residence. They resumed sharing household and other expenses in accordance with the customs which they had established when they initially married. While appellee did make a transfer of certain real estate as required in the marital settlement agreement, he did not make monetary payments to appellant required by it.

On appeal, appellant's first argument is that the 1986 reconciliation, not being temporary in nature, abrogated the July 9, 1986 agreement. We agree. Marriage settlement agreements are governed by the law of contracts. *Sorace v. Sorace,* 440 Pa.Super. 75, 655 A.2d 125 (1995).

When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding. *McMahon v. McMahon,* 417 Pa.Super. 592, 612 A.2d 1360 (1992) (*en banc*). The court must construe the contract only as written and may not modify the plain meaning of the words under the guise of interpretation. *Trumpp v. Trumpp,* 351 Pa.Super. 205, 505 A.2d 601 (1985). When the terms of a written contract are clear, this Court will not re-write it to give it a construction in conflict with the accepted and plain

meaning of the language used. *Litwack v. Litwack,* 289 Pa.Super. 405, 433 A.2d 514 (1981). . . .

*Acme Markets, Inc. v. Federal Armored Express, Inc.,* 437 Pa.Super. 41, 46–47, 648 A.2d 1218, 1221 (1994), quoting *Creeks v. Creeks,* 422 Pa.Super. 432, 435, 619 A.2d 754, 756 (1993).

■ Furthermore, a written contact must be construed as a whole and the parties' intentions must be ascertained from the entire instrument; effect must be given to each part of a contract. *Wrenfield Homeowners Ass'n, Inc. v. DeYoung,* 410 Pa.Super. 621, 600 A.2d 960 (1991); *Walton v. Philadelphia National Bank,* 376 Pa.Super. 329, 545 A.2d 1383 (1988); *accord Vaughn v. Didizian,* 436 Pa.Super. 436, 648 A.2d 38 (1994) (intent of parties must be ascertained from a reading of the entire release).

Herein, the contract provides that temporary reconciliation shall not void its terms. Thus, a reconciliation that is not temporary does render the agreement void. Temporary is defined as not of long duration or lasting a short time. Black's Law Dictionary (5th ed.) 1312. The reconciliation at issue lasted over seven years. The parties resumed all marital habits that they had when they initially married. They attempted to have a second child. The trial court erred in its interpretation of this language.

The trial court concluded that "the meaning of the word 'temporary' is irrelevant." Trial court opinion, 4/24/96, at 4. It concluded that a situation was either temporary or permanent and since the parties separated again, their reconciliation was not permanent. *Id.*

This interpretation completely voids the paragraph. If the parties had reconciled permanently, there never would be a need for the marital settlement agreement. The paragraph must have been included for a purpose, and the purpose is clear from the language. If the parties attempted a "temporary" reconciliation, or a reconciliation lasting a short period of time, the agreement would remain binding. If the reconciliation was of long duration, the agreement would not remain

binding. Permanent is not the only word that can be construed as the opposite of temporary. Something that lasts a significant period of time also is not temporary.

Furthermore, the trial court's interpretation ignores the language of the contract. The contract does not state that a permanent reconciliation is needed to void the agreement. The agreement states that if a reconciliation is temporary, the agreement will remain in effect.

A reconciliation of seven and one-half years is one lasting a significant period of time. In terms of the length of this marriage, a separation of six months followed by a seven and one-half year reconciliation supports the conclusion that the reconciliation was not temporary. The parties' financial picture has changed substantially since that agreement was executed, and husband has taken marital assets and placed them in his own name. The trial court erred in refusing to give effect to this provision of the contract. Since the parties' seven-and-one-half-year reconciliation was not "temporary," the agreement is no longer valid due to paragraph twenty-one.

■ Appellant also alleges that the trial court erred in granting bifurcation. In her one-page argument on this issue, appellant fails to cite a single case or statutory provision regarding bifurcation. She has not set forth the legal standard we apply in determining whether bifurcation is warranted. Under these circumstances, we will not address the merits of her claim. *Fielding v. Fielding,* 454 Pa.Super. 261, 685 A.2d 178 (1996)(where appellant failed to cite to any statutory or case authority to support a one-page argument, the claim was not considered); *Gallagher v. Sheridan,* 445 Pa.Super. 266, 665 A.2d 485 (1995)(claim that is not supported by reference to legal authority is waived).

The April 24, 1996 order is reversed in part and affirmed in part. The order is reversed to the extent it upholds the July 9, 1986 agreement entered between the parties which is void. The order is affirmed to the extent it bifurcates the divorce action and economic issues. The case is remanded. Jurisdiction is relinquished.