William H. PURDY, Appellant,

v.

Linda E. PURDY, Appellee.

William H. PURDY, Appellee,

v.

Linda E. PURDY, Appellant.

Superior Court of Pennsylvania.

Argued June 23, 1998.
Filed July 31, 1998.

Robert Walsh, Sunbury, for William H. Purdy.

Jack C. Younkin, Shamokin, for Linda E. Purdy.

Before POPOVICH, ORIE MELVIN and SCHILLER, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Northumberland County, which granted Wife's petition to enforce a marital settlement agreement and collect alimony arrearages. Herein, Husband raises three related questions for our consideration:

1) Whether the trial court erred in finding as a matter of law a latent ambiguity in paragraph 20 of the parties' marital settlement agreement, and that husband's termination of alimony payments at the expiration of the stated three year minimum period was improper.

2) Whether after concluding that an ambiguity existed in paragraph 20 of the parties' marital settlement agreement, the trial court erred by considering extrinsic aids such as the factors in the domestic relations code governing whether alimony is payable, along with the object, goals and intent of alimony.

3) Whether the trial court erred in finding that husband should continue to pay alimony until wife's actual receipt of the net sum of $350,000.00 from the sale of the parties' jointly held real estate in order to terminate alimony.

Also, Wife raises one question for our consideration: Whether the trial court erred in failing to award prejudgment interest on the unpaid alimony due under the marital settlement agreement from the date that the payments were wrongfully withheld. Upon review, we affirm in part, reverse in part and remand in accordance with the provisions of this opinion.

In its opinion, the trial court set forth the factual and procedural history of this case as follows:

The parties had been married on October 6, 1979 and were granted a decree in divorce on December 7, 1993. A marital settlement agreement, which was incorporated but not merged into the decree, has been in effect since the date of divorce. Pursuant to the settlement agreement, the [husband] was to pay alimony for a minimum of three (3) years. The agreement further provided that if, after the three year time period has ended, [wife] has received or shall receive $350,000.00 from the sale of jointly held real estate, alimony shall cease. After the three year period ended in this case, around December 1996, even though [wife] had not yet received the total amount of $350,000.00, [husband] stopped making payments of alimony to [wife], claiming that because [wife] *will someday receive the total amount*, he is entitled to stop payment. [Wife] filed a Petition to Enforce Marital Settlement Agreement, which was granted by this court. [Husband] filed an appeal to the Superior Court October 30, 1997. A cross appeal was also filed in this case.

Trial Court Opinion, p. 1.

The contested portion of the marital settlement agreement reads as follows:

Commencing December 1, 1993, Husband agrees to pay to Wife the sum of One Thousand Six Hundred Sixty–Six Dollars and Sixty–Seven Cents ($1,666.67) per month or Twenty Thousand ($20,000.00) Dollars per annum for her separate support and maintenance for a minimum period of three (3) years from the date of this Agreement and maximum period which shall expire June 1, 2001. It is contemplated that Husband shall pay Wife alimony as aforesaid for the minimum period of three (3) years. *It is further contemplated that if after the expiration of three (3) years, Wife has received or shall receive for her sole benefit the sum of three Hundred Fifty Thousand ($350,000.00) Dollars from the sale of the parties' jointly owned real estate, alimony shall cease.* In any event, alimony shall cease June 1, 2001. (emphasis added).

Husband contends that this portion of the agreement indicates that alimony would cease after three years if either of two conditions was met: first, if Wife *has received* $350,000.00 from the sale of the parties' jointly owned real estate, or second, if Wife *shall receive*, according to Husband's subjective belief, $350,000.00 from the sale of the parties' jointly owned real estate in the future. Contrarily, Wife contends that alimony will cease after three years either upon her re-

ceipt of the $350,000.00 from the sale of the parties' jointly owned real estate or June 1, 2001, whichever comes first. As we shall explain below, Wife's contention is the only reasonable interpretation of this portion of the contract when considering the contract in its entirety.

 As both parties concede, a marital settlement agreement that is incorporated but not merged into the divorce decree is considered a contract subject to the law of contracts. *Carosone v. Carosone,* 455 Pa.Super. 450, 688 A.2d 733 (Pa.Super.1997), *allocatur denied,* 550 Pa. 676, 704 A.2d 633 (1997); *Sorace v. Sorace,* 440 Pa.Super. 75, 655 A.2d 125 (1995). The law of contracts requires contractual terms that are clear and unambiguous to be given effect without reference to matters outside the contract. *Id.* 688 A.2d at 735. Further, "a contract must be construed as a whole and the parties' intentions must be ascertained from the entire instrument; effect must be given to each part of a contract." *Id.* (citations omitted). A contract is deemed "ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Lower v. Lower,* 401 Pa.Super. 158, 584 A.2d 1028 (1991). Therefore, a contract will be deemed unambiguous if reasonable persons could not differ as to the contract's interpretation.

Husband's suggested interpretation of paragraph 20 of this settlement agreement is *not reasonable,* especially when we consider the entire agreement. Under his interpretation, Husband could cease making alimony payments after three years in December, 1996, based upon the mere possibility that the parties' real estate would sell at some undetermined time in the future. Husband's interpretation would allow for a five-and-a-half year gap in which Wife would not receive any money in the form of alimony or distribution of the proceeds from the sale of real estate. It is unreasonable to conclude that this is what both parties intended. It is also unreasonable to conclude that Wife's entitlement to alimony would depend solely upon Husband's subjective belief that the real estate was going to sell within the next

five-and-a-half years for a sum sufficient to insure payment of $350,000.00 to Wife.

Wife's contention as to the correct interpretation of the alimony portion of this marriage settlement agreement is perfectly reasonable. This is especially so when taking the contract as a whole. This contract provides, in various sections, for financial assistance of Wife to continue until June 1, 2001. As previously indicated, the alimony portion of this agreement provides that alimony payments will continue until June 1, 2001, unless the aforementioned conditions are met. Paragraph 33, entitled Security for Husband's Obligations, also provides for the continuous financial assistance of Wife until June 1, 2001. Paragraph 33 states in relevant part the following:

> Husband agrees to purchase and maintain life insurance on his life in the minimum amount of One Hundred Seventy–Five Thousand ($175,000.00) Dollars which shall be payable to Wife who shall be the irrevocable beneficiary thereof until such time as Wife shall receive three (3) years alimony. In addition, such insurance proceeds shall be payable to Wife until she shall individually receive the sum of Three Hundred Fifty Thousand ($350,000.00) Dollars resulting from her receipt of net proceeds from the parties jointly owned real estate, or June 1, 2001, whichever shall first occur. It is further agreed that if Wife does not receive Three Hundred Fifty Thousand ($350,000.00) Dollars from proceeds of sale of jointly owned real estate by June 1, 2001, then fifty (50%) percent of the funds accumulated in Husband's pension plan shall be transferred to Wife's account.

This paragraph provides that if Husband should die prior to June 1, 2001, Wife shall be the irrevocable beneficiary of Husband's life insurance policy for the minimum three-year period, and these payments should continue until Wife has received the $350,000.00 from the sale of the parties' jointly owned property or June 1, 2001, whichever shall come first. This section provides continuous financial assistance to Wife for the entire period prior to June 1, 2001. It contemplates that Wife will receive financial assistance during the entire period prior to June

1, 2001, in the form of either monthly alimony payments in the amount of $1,666.67 or $350,000.00 from the sale of the parties' jointly owned property. Paragraph 33 does not limit Wife's entitlement to alimony based upon the *possibility* that she will receive $350,000.00 from the sale of real estate. It is the actual receipt of $350,000.00 that matters. Further, paragraph 33 contains a provision that grants Wife fifty percent of Husband's pension if she does not receive $350,000.00 from the sale of the parties' jointly owned property by June 1, 2001. These two paragraphs, 20 and 33, taken together suggest only one reasonable interpretation. Wife is to receive monthly alimony payments in the amount of $1,666.67 for a minimum period of three years after which they will cease upon Wife's receipt of $350,000.00 from the sale of the parties' jointly owned property, or June 1, 2001, whichever comes first. If Wife has not received $350,000.00 from the sale of their jointly owned property on or before June 1, 2001, alimony will cease and Wife will receive fifty percent of Husband's pension. When taken as a whole, reasonable minds could not differ as to the proper interpretation of this settlement agreement.[1]

■ Turning to Wife's cross-appeal contending that the trial court erred by failing to award prejudgment interest on the unpaid alimony due under the marital settlement agreement, we quote 23 Pa.C.S.A. § 3703:

> If at any time a party is in arrears in the payment of alimony or alimony pendente lite as provided for in sections 3701 (relating to alimony) and 3702 (relating to alimony pendente lite, counsel fees and expenses), the court may, after hearing, in order to effect payment of the arrearages:

* * *

> (4) Award interest on unpaid installments.

Under this provision of the Divorce Code, a trial court has the discretion to grant prejudgment interest on arrearages. The trial court in the case *sub judice* denied interest because it was not explicitly provided for in the settlement agreement. In its opinion the trial court said, "Because the marital settlement agreement makes no provision for disputes arising from the cessation of alimony payments, the court reads the agreement as not requiring the payment of interest on past due alimony payments." To deny interest summarily in this manner was an error of law since, by statute, the court has the discretion to award interest in the present case. Accordingly, we must remand this case to allow the trial court the opportunity to decide whether prejudgment interest is warranted, and, if so, to calculate and award the appropriate amount.[2]

In sum, we find that reading this settlement agreement in its entirety leads to only one reasonable interpretation; that contended by Wife and found by the trial court. However, because the trial court was incorrect in deciding as a matter of law that Wife was not eligible for prejudgment interest on arrearages, we remand for reconsideration in accordance with 23 Pa.C.S.A. § 3703.

Order affirmed in part and reversed in part. Case remanded for further proceedings in accordance with the provisions of this opinion. Jurisdiction relinquished.

---

1. The trial court found this contract to be ambiguous, but nevertheless, interpreted it in the same manner as we do today. It is, of course, well-settled that we may affirm the order of the trial court on appeal where it is correct on any legal ground or theory, regardless of the reason relied upon by the trial court. *Alco Parking Corp. v. Public Parking Auth.*, 706 A.2d 343, 349 (Pa.Super.1998).

2. We note that had Wife brought an action on the contract rather than an action pursuant to the Divorce Code she would be entitled to an award of prejudgment interest as a matter of right. *See Daset Mining Corp. v. Industrial Fuels Corp.*, 326 Pa.Super. 14, 473 A.2d 584 (1984); *see also Gold & Co. v. Northeast Theater Corp.*, 281 Pa.Super. 69, 421 A.2d 1151, 1154 (1980) (stating that "in a contract action, the award of [prejudgment] interest does not depend upon discretion but is a legal right."). However, having brought the action pursuant to the Divorce Code, an award of prejudgment interest is discretionary. 23 Pa. C.S.A. § 3703.