J-S09032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RICHARD SEAN PARNELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAURIE A. PARNELL | : | |
| | : | |
| Appellant | : | No. 1296 WDA 2022 |

Appeal from the Order Entered October 19, 2022
In the Court of Common Pleas of Butler County Civil Division at No(s):
17-90403-D

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED:  June 2, 2023**

Laurie A. Parnell ("Wife") appeals *pro se* from the order entered on October 19, 2022, in the Court of Common Pleas of Butler County, granting Richard Sean Parnell's ("Husband") petition to enforce a consent order dated March 28, 2022, and entered on March 29, 2022, in settlement of their economic claims in this divorce action.  We affirm.

The relevant facts are as follows.  Husband filed a complaint in divorce against Wife on May 30, 2019.  The parties subsequently reached a settlement agreement of their economic claims, which was entered as a consent order on March 29, 2022 ("Consent Order").  A final divorce decree was entered on March 31, 2022.

On May 13, 2022, Husband filed a petition to enforce the Consent Order, wherein he specifically sought enforcement of paragraph 4, which provides:

Prior to the closing on the marital residence, the parties shall schedule a time for Husband to visit the marital residence to retrieve any of the following items remaining in the marital residence which are hereby awarded to Husband as his sole and separate property:

    a.     High[]top square dining table in basement;

    b.     One dining room table;

    c.     Master Bedroom porch furniture;

    d.     Playroom bookshelf;

    e.     Army dress uniforms;

    f.     All military equipment in Army duffle bags;

    g.     Hockey equipment and skates;

    h.     All ski clothes and North[ F]ace ski jacket;

    i.     Fender Telecaster guitar;

    j.     Steel guitar;

    k.     Acoustic guitar with nylon string;

    l.     Electric acoustic guitar;

    m.     Outdoor storage bin;

    n.     Tool box;

    o.     George Washington print in master bedroom;

    p.     Jurassic World pinball machine; and

    q.     Gym equipment.

Petition to Enforce Consent Order, 5/13/22, at ¶ 4 (quoting Consent Order at ¶ 4).

In his petition, Husband averred that he made arrangements with Wife to retrieve the foregoing items at the marital residence on March 16, 2022, prior to the closing on the marital residence scheduled for March 18, 2022.

*Id.* at ¶¶ 5-6. On March 16, 2022, after some initial resistance, Wife agreed to allow the movers into the residence to remove the items awarded to Husband. *Id.* at ¶¶ 7-8. Husband contended, however, that Wife refused to allow him to enter the residence with the movers and that she refused to make available eight (8) of the eighteen (18) enumerated items in paragraph 4 of the Consent Order, including the four (4) guitars and the George Washington print. *Id.* at ¶¶ 8, 11-12. Subsequent to the closing on the marital residence, Husband claimed that he attempted, to no avail, to communicate with Wife regarding the remaining items due to him under the Consent Order. *Id.* at ¶ 13. Accordingly, Husband requested that the lower court award him counsel fees in accordance with 23 Pa.C.S. § 3502(e)(7). *Id.* at ¶ 20.[1]

On July 7, 2022, Wife filed an answer to Husband's petition to enforce the Consent Order, in which she asserted that paragraph 4 of the Consent Order "does not state that all of the listed property remains in the marital residence as Husband had previously removed property from the residence during the parties' separation." Answer, 7/7/22, at ¶ 4. Wife claimed that Husband was permitted to remove "all the items listed that remained at the marital residence when he arrived on March 16, 2022[,]" *id.* at ¶¶ 11-13, that Husband did not notify her on that date or prior to the closing that he was

---

[1] Section 3502(e)(7) of the Divorce Code provides that "if, at any time, a party has failed to comply with an order of equitable distribution … or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, award counsel fees and costs[,]" in order to effect compliance with its order. 23 Pa.C.S. § 3502(e)(7).

unable to retrieve any items from the residence, *id.* at ¶ 8, and that Husband never returned to the residence to retrieve the remaining items which he claims to be owed. *Id.* at ¶¶ 11-13.

An evidentiary hearing was held on September 26, 2022, at which both Husband and Wife testified. At the close of the hearing, the trial court directed both parties to submit letter briefs regarding the court's authority to impose sanctions in the form of compensation or damages for failure to comply with the Consent Order. After consideration of the oral arguments and evidence presented by both parties at the hearing, in addition to the parties' letter briefs, the trial court entered an order on October 19, 2022, directing Wife to deliver "the steel guitar that is or was hanging in the entryway of her home" to Husband within 20 days, and within 60 days, to pay Husband "sanctions in the sum of $5,000[2] and counsel fees of $2,500, for a total of $7,500." Order, 10/19/22, at 4-5.

On November 3, 2022, Wife filed a timely, notice of appeal, along with her Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court issued its Rule 1925(a) opinion on November 7, 2022, in which it incorporates the reasons set forth in its October 19, 2022 order, in support of its decision. On appeal, Wife presents the following issues for our review:

---

[2] Specifically, the court sanctioned Wife to pay $4,500 to Husband for her failure to make the other three (3) guitars available to him, as well as $500 for her failure to make the George Washington print available. Order, 10/19/22, at 3-4.

- 4 -

A. Whether the trial court abused its discretion and erred as a matter of law when it awarded [Husband] a guitar that belongs to [Wife] and was purchased well after the date of separation.

B. Whether the trial court abused its discretion and erred as a matter of law when it awarded [Husband] sanctions for [Wife's] failing to provide guitars that were never in the marital home or had already been removed from the marital home by [Husband].

C. Whether the trial court abused its discretion and erred as a matter of law when it awarded [Husband] sanctions for a "George Washington print in master bedroom" that was already removed previously from the marital home by [Husband].

D. Whether the trial court abused its discretion and erred as a matter of law when it awarded [Husband] reimbursement of counsel fees.

Wife's Brief at 7 (unnecessary capitalization omitted).

In considering Wife's claims, we remain mindful of the following principles:

Where, as herein, a property settlement agreement did not merge into the divorce decree, it stands as a separate contract, is subject to the law governing contracts[,] and is to be reviewed as any other contract. ***Simeone v. Simeone***, … 581 A.2d 162, 165-[66] ([Pa.] 1990). It is well-established that the law of contracts governs marital settlement agreements, and under the law of contracts, the court must ascertain the intent of the parties when interpreting a contractual agreement. ***Kripp v. Kripp***, … 849 A.2d 1159, 1163 (Pa. 2004) (citations omitted). The standard of enforceability of a contractual agreement is also clear: "[a]bsent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." ***McMahon v. McMahon***, … 612 A.2d 1360, 1363 ([Pa. Super.] 1992) (citations omitted). As such, a trial court may interpret a property settlement agreement as it would a contract, but it has neither the power nor the authority to modify or vary the decree unless there is conclusive proof of fraud or mistake. ***Bianchi v. Bianchi***, 859 A.2d 511, 515 (Pa. Super. 2004). Moreover, the long-standing law of this Commonwealth is that property settlement agreements are presumed to be valid

and binding upon the parties. ***McGannon v. McGannon***, … 359 A.2d 431 ([Pa. Super.] 1976).

When construing agreements involving clear and unambiguous terms, a trial court need only examine the writing itself to give effect to the parties' understanding. ***Vaccarello v. Vaccarello***, … 757 A.2d 909, 913-[14] ([Pa.] 2000). ***See Creeks v. Creeks***, … 619 A.2d 754, 756 ([Pa. Super.] 1993). A court may not modify the plain meaning of the words under the guise of interpretation. ***Id.*** In addition, this Court must consider such contracts without reference to matters outside of the document, and we must ascertain the parties' intentions when entering into the contract from the entire instrument. ***Purdy v. Purdy***, 715 A.2d 473, 475 (Pa. Super. 1998). Also, the parties are bound "without regard to whether the terms were read and fully understood and irrespective of whether the agreements embodied reasonable or good bargains." ***Sabad v. Fessenden***, 825 A.2d 682, 688 (Pa. Super. 2003).

***Crispo v. Crispo***, 909 A.2d 308, 312-13 (Pa. Super. 2006).

Additionally,

[b]ecause contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

When interpreting a marital settlement agreement, the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.

***Kraisinger v. Kraisinger***, 928 A.2d 333, 339 (Pa. Super. 2007) (internal citations omitted).

Preliminarily, we observe that Wife failed to divide the argument section of her brief into separate subsections for each question to be argued, nor did

she provide discussion and citation of pertinent legal authority for each issue, in contravention of Pennsylvania Rule of Appellate Procedure 2119(a). **See** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Rather, Wife's brief contains only one "argument" section that spans less than two pages, notwithstanding her presentation of four issues on appeal. **See** Wife's Brief at 14-15.

Within the argument section, Wife utilizes almost an entire page of her sparse, two-paged argument to merely restate her claims, baldly stating that the trial court abused its discretion and erred as a matter of law when it: a) awarded Husband "a guitar that belongs to [Wife] and was purchased well after the [d]ate of [s]eparation[;]" b) awarded Husband sanctions "for failing to provide guitars that were never in the marital home or had already been removed from the marital home by [Husband;]" c) awarded Husband sanctions "for a 'George Washington print in master bedroom' that was already removed previously from the marital home by [Husband;]" and d) awarded Husband reimbursement of counsel fees. **Id.** at 14. Other than a single reference to Section 2503(7) of the Pennsylvania Judicial Code, acknowledging that the trial court "has authority to order a party to pay attorneys' fees as a sanction for 'dilatory, obdurate or vexatious conduct[,]'" **see id.** (quoting 42 Pa.C.S. § 2503(7)), Wife cites to no legal authority in

- 7 -

support of any of her claims. In fact, the entirety of Wife's argument regarding the trial court's reimbursing Husband for counsel fees consists of the following single statement: "Because the actions of [Wife] were neither dilatory, obdurate nor vexatious, and all items that still remained in the [m]arital [r]esidence were returned to Husband, sanctions should not have been imposed during court proceedings brought by Husband to sue for items that had already been returned." *Id.* at 15.

As to her other three issues regarding the guitars and the George Washington print, Wife simply states that Husband failed to provide any proof that he purchased any of these items, and she points to the transcript from the evidentiary hearing in an attempt to attack the validity of Husband's testimony. She provides no legal analysis whatsoever. "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Estate of Haiko v. McGinely*, 799 A.2d 155, 161 (Pa. Super. 2002) (citations omitted). "Without a reasoned discussion of the law … our ability to provide appellate review is hampered. It is not this Court's function or duty to become an advocate for the appellant." *Id.* (internal citations, brackets, and quotation marks omitted). Moreover, Wife is essentially asking this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder, which we cannot and will not do. *See Kraisinger*, *supra*. Due to Wife's significant

violations of the briefing requirements, we deem her claims to be waived on appeal.[3]

Nevertheless, even if not waived, we would conclude that Wife's claims lack merit. The trial court thoroughly addressed the issues raised by Wife in its October 19, 2022 order. First, it expressly responded to Wife's assertion that some of the items listed in paragraph 4 of the Consent Order had been removed prior to the parties' agreement.

> Initially, the court interprets the language in paragraph 4, " … any of the following items remaining in the marital residence" to mean whatever items were still present and not assurance that the items did still remain there. Nevertheless, if [Wife] knew or should have known that specifically described items were not present, she should have objected to the items being included in the list.

Order, 10/19/22, at 1.

> Regarding the guitars awarded to Husband, the trial court opined:

> In paragraphs 11 through 13 of [Wife's] Answer, [Wife] states that she "has no knowledge regarding the guitars and has never seen them." She testified that she sent one guitar with her daughter years ago because [Husband] was going to teach her to play. She testified that she never saw four guitars in the house. [Husband] testified that the four guitars were placed on stands in the basement storage room.

> [Husband] produced a photograph of a steel guitar hanging on the wall in the front entry way of [Wife's] house (Exhibit 4). [Husband] stated that she bought it at an estate sale in Virginia

---

[3] We note that we are willing to liberally construe materials filed by a *pro se* litigant; however, *pro se* status confers no special benefit upon the appellant. **See Commonwealth v. Adams**, 82 A.2d 496, 498 (Pa. Super. 2005) (citations omitted). "To the contrary, any person choosing to represent [her]self in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **Id.**

in 2020. [Husband] testified that it is one of his guitars on the list.

[Husband's] testimony on this point is believable. He played guitar, as evidenced by [Wife's] testimony that she previously delivered a guitar so [Husband] could teach their daughter to play. The fact that the parties gave specific descriptions of the four guitars in paragraph 4, together with the lack of evidence that [Husband] had reason to fabricate his testimony[,] indicates that his testimony is credible.

On the other hand, [Wife's] testimony that she has no knowledge of the four guitars, and she never saw them in the house is not believable. Guitars, because of their size and the way they must be handled, can be easily seen; unlike smaller objects that can be stored away in boxes. The fact that there were four guitars made them that much more visible. The guitars, as described, had monetary value and would have required some care and attention. [Wife] did not testify that she plays a guitar or has any reason to hang a guitar as a decoration in her entry way. Further, she did not object to the specifically described guitars being included in paragraph 4 of the [Consent] Order.

The steel guitar that is or was hanging in the entry way of [Wife's] home is [Husband's] guitar. [Wife] shall deliver it to [Husband] within 20 days.

Based on the broad enforcement authority granted by [S]ection 3502 [of the Divorce Code], this court will require [Wife] to pay [Husband] a reasonable amount for failing to make the other described guitars available to him. The court cannot determine from the evidence the exact replacement cost. Nevertheless, given their descriptions, especially the "Fender Telecaster guitar," they had monetary value. As a sanction, [Wife] shall pay $4,500 to [Husband] within 60 days.

Order, 10/19/22, at 2-3.

As to the George Washington print, the trial court stated:

This item had sentimental value to [Husband] as a gift from his parents and having served in the military. It is reasonable to conclude that he would know if he already had it. The fact that he texted [Wife] on March 16, "my George Washington painting?" indicates that he was expecting to get it that day and he did not.

- 10 -

> The [Consent] Order gives the location of the print, "in the master bedroom." [Wife] would have known at the time she signed the Consent Order whether or not it was present [in] the master bedroom. If it was not, she would reasonably have objected to the item's inclusion in the [Consent] Order and she did not. As a sanction, [Wife] shall pay [Husband] $500 within 60 days.

*Id.* at 3-4. Based on our review, we would deem the trial court's factual findings to be supported by the record. Moreover, the trial court found Husband's testimony to be credible, and we would be bound by such determinations. *See Kraisinger*, *supra*.

Additionally, we would conclude that it was in the trial court's discretion to order Wife to deliver the steel guitar to Husband and to sanction Wife for failing to make the other three guitars and the George Washington print available to Husband. As Husband stated in his letter brief to the trial court:

> "The Divorce Code grants trial courts broad powers to enforce orders of equitable distribution, and provides remedies available against one who fails to comply with a court's order of equitable distribution." *Prol v. Prol*, 935 A.2d 547, 553 (Pa. Super. 2007) (quoting *Richardson v. Richardson*, 774 A.2d 1267, 1270 (Pa. Super. 2001)). The court may therefore impose any appropriate sanction for noncompliance with its orders. *Id.* … This broad equitable power extends to enforcement of a settlement agreement between the parties. *Miller v. Miller*, 983 A.2d 736, 744 (Pa. Super. 2009).

> Section 3323(f) of the Divorce Code provides that:

> > In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over

- 11 -

whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.[4]

Further, Section 3502(e) of the Divorce Code states in pertinent part:

If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:

…

(4) order and direct the transfer or sale of any property required in order to comply with the court's order;

…

(7) award counsel fees and costs.[5]

Husband's Letter Brief, 9/30/22, at 1-2 (internal brackets omitted).  Hence, we would discern no abuse of discretion or error of law in the trial court's directing Wife to deliver the steel guitar to Husband or in its sanctioning Wife for failure to comply with the Consent Order regarding the other items.

Finally, regarding Wife's claim that the trial court erred in awarding Husband counsel fees, we would also conclude no relief is warranted.  As the trial court explained, it determined that Husband was entitled to reimbursement of these fees, since he was required to bring his petition to enforce the Consent Order to obtain the relief that the court had provided. *Id.* at 4.  **See also** 23 Pa.C.S. § 3502(e)(7).

---

[4] 23 Pa.C.S. § 3323(f).

[5] 23 Pa.C.S. § 3502(e)(4), (7).

Accordingly, we affirm the trial court's October 19, 2022 order granting Husband's petition to enforce the Consent Order.

Order affirmed.

Judge Bowes joins this memorandum.

Judge Sullivan did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2023