**Valerie H. MILLER, Appellee**

v.

**William R. MILLER and Upper St. Clair School District and Upper St. Clair Township,**

v.

**William R. Miller and Valerie H. Miller,**

**Appeal of William R. Miller, Appellant.**

Superior Court of Pennsylvania.

Argued June 10, 2009.
Filed Oct. 9, 2009.

William R. Miller, appellant, Pro Se.

Michael B. Greenstein, Pittsburgh, for Miller, V.

John T. Vogel, Pittsburgh, for Upper St. Clair Township and School.

BEFORE: MUSMANNO, DONOHUE and SHOGAN, JJ.

OPINION BY MUSMANNO, J.:

¶ 1 William R. Miller (hereinafter "Husband") appeals, *pro se,* from the Order granting the Motion for summary judg-

ment filed by his ex-wife, Valerie H. Miller (hereinafter "Wife").[1] We affirm.

¶ 2 The complex factual and procedural history underlying this acrimonious dispute is as follows. The parties married in 1979 and had four children ("the children") during their marriage, all of whom are currently emancipated. The parties resided with the children in their jointly-owned marital residence located in Upper St. Clair Township, Pennsylvania ("the marital residence") until they separated in 1993. Following their separation, the parties executed a postnuptial separation agreement ("the Agreement"),[2] which was drafted by Husband, a practicing attorney. The parties were divorced in April 1994; the Agreement was incorporated by reference but did not merge into the Divorce Decree.

¶ 3 The Agreement provides, in pertinent part, as follows regarding the marital residence:

> [Husband] shall be solely responsible for payment of the ... mortgage currently on the Marital Residence, which mortgage has a $43,535.99 balance due as of the date of this Agreement. [Husband] shall also be responsible for the payment of taxes and insurance on the Martial [sic] Residence.

Husband's Complaint, 10/12/07, Exhibit A (the Agreement) § 3.1. Subsection 3.1 further states that "[i]n the event the Marital Residence is sold, [Wife] and [Husband] shall equally share [ ] the expenses of the sale[ ] and [ ] the net proceeds, ... and [Husband] shall be reimbursed $43,535.99...." *Id.*

¶ 4 After the divorce in 1994, Wife and the children continued to reside in the marital residence, whereas Husband resided elsewhere. Wife continues to reside in the marital residence to this day. Following the divorce, Husband continued to pay the mortgage, taxes, and insurance on the marital residence until approximately October 1996.

¶ 5 In August 1996, Wife filed a Complaint for support of the children. Following a hearing on September 30, 1996, before a Hearing Officer (hereinafter "H.O."), an Interim Order was issued on that same day (hereinafter "Interim Order"). The Interim Order set forth and implemented the H.O.'s recommendations.[3] The Interim Order directed that Husband pay monthly child support in the amount of $2,345.00, and also provided that "[Wife] is to pay the mortgage [on the marital residence [4]], from[ ][t]he monthly child support beginning October 1, 1996." Interim Order, 10/4/96 (footnote added, capitalization omitted). Neither party filed an exception to the Interim Order. Husband thereafter ceased making payments regarding the marital residence.

---

1. We note that Husband's Notice of appeal states that he appeals from three separate Orders entered by the trial court in this case, including the Order granting Wife's summary judgment Motion on the issue of liability. However, the trial court's April 3, 2008 Order, in which the court adopted a Hearing Officer's damage award to Wife and dismissed Husband's Exceptions thereto, is the court's final order in this case. Husband's appeal from the April 3, 2008 Order is thus ripe for our review.

2. Neither party disputes the validity of the Agreement.

3. The Interim Order is a standard form order bearing a stamped signature of the administrative judge of the Family Court Division.

4. Husband asserts that in the 1996 child support litigation, the parties used the term "mortgage" to include tax and insurance payments. Brief for Husband at 13. Wife disagrees, and points out that the Interim Order is silent as to tax and/or insurance payment obligations. Brief for Wife at 6.

¶ 6 Following two subsequent hearings on Wife's Complaint, a different H.O. recommended that Husband pay child support in the amount of $2,370.00 per month. This recommendation was set forth in an administrative Modified Order dated February 18, 1997 ("Modified Order").[5] Significantly, the Modified Order was silent as to mortgage payment obligations or any other obligations regarding the marital residence. Both parties filed Exceptions to the H.O.'s recommendation. After oral argument and upon consideration of the parties' respective briefs, the trial court entered an Order on June 30, 1997, dismissing both parties' Exceptions and directing that the Modified Order be entered as the trial court's Final Order in the child support action (hereinafter "Final child support Order"). Husband's child support obligation terminated in June 2004, upon the emancipation of the parties' youngest child.

¶ 7 The record indicates that Wife made all payments towards the mortgage following the entry of the Interim Order, and that she paid the mortgage off in January 1999.[6] However, real estate taxes on the marital residence became delinquent. In July 2005, Upper St. Clair Township and School District ("U.S.C.") instituted a case against Husband and Wife as codefendants, asserting a tax lien against the marital residence. U.S.C. maintained that Husband and Wife had unpaid local and school taxes (and also interest, penalties, and costs) outstanding on the marital residence. Husband and Wife filed cross-claims against each other in the U.S.C.

dispute. In response to the tax lien asserted by U.S.C., Husband paid his proportionate share of the taxes due. U.S.C. thereafter dismissed its claim against Husband.

¶ 8 On November 15, 2005, Wife filed a Petition seeking enforcement of the Agreement pursuant to section 3105(a) of the Divorce Code.[7] In this Petition, Wife requested that the trial court compel Husband to pay all outstanding real estate taxes and reimburse her for all of her post-separation payments made on the marital residence (i.e., mortgage, tax, and insurance payments).[8]

¶ 9 Husband then filed a Motion for summary judgment against Wife seeking damages in excess of $113,000.00 for, inter alia, her alleged failure to pay the mortgage, taxes, and insurance on the marital residence in accordance with the Interim Order. In this Motion, Husband asserted that the Interim Order, which directed Wife to pay the mortgage from his child support payments, superseded the Agreement and relieved him of his contractual obligation. Wife countered by filing a Motion for partial summary judgment, which asserted that the Interim Order did not supersede the Agreement and Husband's cessation of making payments on the marital residence constituted a breach of the Agreement. Specifically, Wife pointed out that pursuant to sub-section 3.1 of the Agreement, Husband assumed the sole responsibility to pay all mortgage, tax, and insurance payments on the marital resi-

**5.** We note that in an "Explanation" document attached to the Modified Order, the H.O. stated that the Modified Order is retroactive to August 12, 1996. *See* Explanation, 2/24/97, at 3.

**6.** In January 1999, Wife took out a personal loan to satisfy the mortgage. Wife thereafter made payments on this loan, and it was even-

tually paid off, with the assistance of her parents.

**7.** *See* 23 Pa.C.S.A. § 3105(a).

**8.** The trial court in the U.S.C. dispute transferred that case, and it was consolidated with Wife's enforcement action.

dence until it was sold. By an Order entered on September 18, 2006, the trial court denied Husband's Motion and granted Wife's Motion for partial summary judgment, finding as a matter of law that Husband had breached his obligation under sub-section 3.1. The trial court also ordered a hearing before another H.O. to determine Wife's damages incurred as a result of Husband's breach.

¶ 10 Following the damages hearing on December 7, 2007, the H.O. issued a Temporary Order on that same day ("Temporary Order") recommending that Husband pay damages in the following amounts: (1) $80,650.95 for the mortgage, tax, and insurance payments Wife had made on the marital residence, and (2) $17,235.00 for Wife's attorneys' fees and expenses. The H.O. further recommended that Husband pay the delinquent real estate taxes on the marital residence. Husband filed Exceptions to the H.O.'s recommendations. By an Order entered on April 3, 2008, the trial court dismissed Husband's Exceptions and adopted the Temporary Order in its entirety as the court's Final Order in the enforcement action. Husband timely appeals.

¶ 11 Husband raises the following claims for our review:

[I.] Whether the [Interim O]rder—[directing] that Wife pay the mortgage beginning October 1, 1996, from Husband's child support—became final by operation of law when Wife failed to file an exception?

[II.] Whether Wife's claims for reimbursement of payments she [had] made [toward the marital residence] over four years before she filed her [P]etition for enforcement are barred by the four-year statute of limitations applicable to a contract action?

[III.] Whether Section 3502(e) of the Divorce Code, 23 Pa.C.S.A. § 3502(e), provides a statutory basis for an award of counsel fees as compensatory damages in an action for breach of a post-nuptial agreement?

Brief for Husband at 3.

¶ 12 Essentially, Husband challenges the trial court's grant of partial summary judgment in favor of Wife.

> Our standard of review in an appeal from an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all of the documentary evidence of record to determine whether there exists a genuine issue of material fact that would preclude the entry of summary judgment, and, if not, whether the moving party is entitled to judgment as a matter of law. This [C]ourt will not overturn a trial court's grant of summary judgment in the absence of either error of law or clear abuse of discretion.

*Chada v. Chada*, 756 A.2d 39, 42 (Pa.Super.2000) (citation omitted).

¶ 13 Husband first asserts that the Interim Order, which allegedly became final by operation of law when Wife failed to file an exception thereto, superseded the Agreement and relieved him of his contractual obligation to pay the mortgage, taxes, and insurance on the marital residence. *See* Brief for Husband at 17–24, 31–32. According to Husband, the trial court's damage award improperly granted Wife "double recovery," since Husband had already made these payments on the marital residence under the Interim Order (*via* his monthly child support payments). *Id.* at 21, 29. Husband points out that the Interim Order provided that "[i]f no exceptions are filed within the ten-day period

pursuant to P[a.]R.C.P.1910.12[,⁹] this Order shall constitute a final Order." Brief for Husband at 19 (quoting Interim Order, 10/4/96 (footnote added, capitalization omitted)). Husband argues that since it is undisputed that Wife never filed an exception to the Interim Order, this Order allegedly became final by operation of law pursuant to Pa.R.C.P.1910.12(g). Brief for Husband at 19.

¶ 14 However, Husband concedes that Allegheny County Local Rule 1910.12(*l* ) provides that "[n]o exceptions may be filed to a recommendation of a Hearing Officer labeled 'interim.'" Brief for Husband at 18 (citing Allegheny County Rules of Court, Rule 1910.12(*l* )). Husband attempts to circumvent this local rule by pointing out that the September 30, 1996 recommendation of the H.O. (which was incorporated in the Interim Order) used the word "interim" only in the sentence directing Husband to pay monthly child support. Brief for Husband at 18. Husband points out that the H.O. did not use the word "interim" in the sentence directing that Wife pay the mortgage from Husband's monthly child support. *Id.*

¶ 15 After review, we find no merit in Husband's first issue. The Interim Order was, by definition, a temporary order, that was superseded by the February 18, 1997 Modified Order (which was imposed retroactive to before the entry of the Interim Order) and the Final child support Order (which adopted the Modified Order). Neither of the latter two Orders included a provision directing Wife to pay the mortgage from Husband's monthly child support payments.

¶ 16 Husband argues that the Modified Order modified *only* the amount of his support obligation, but did not supersede Wife's obligation under the Interim Order to pay the mortgage and other payments on the marital residence from his child support payments. *Id.* at 23, 28–29. In support of this contention, Husband directs our attention to Pennsylvania Rule of Civil Procedure 1910.16–6(e), which provides in pertinent part that "[t]he guidelines assume that the spouse occupying the marital residence will be solely responsible for the mortgage payment, real estate taxes and homeowners' insurance." Brief for Husband at 22, 29; Pa.R.C.P.1910.16–6(e).

¶ 17 Husband, however, ignores the fact that he unambiguously assumed the responsibility to make the above-mentioned payments on the marital residence, under sub-section 3.1 of the Agreement, until it was sold. The Agreement remained in force at all times during the parties' child support case and is valid and binding to this day. The Interim Order was a temporary Order entered for the purpose of support of the children. While the Interim Order was in effect, Wife complied with the Order and paid the mortgage payments on the marital residence from Husband's child support.

¶ 18 The trial court in the child support action could not modify the contractual obligations that Husband previously had assumed under subsection 3.1 of the Agreement. Specifically, 23 Pa.C.S.A. § 3105(c) provides that "[i]n the absence of a specific provision to the contrary appearing in the agreement, a provision regarding the disposition of existing property rights and interests between the parties . . . shall not be subject to modification by the court." *Id.* Here, the Agreement contains no provision permitting a court to modify the parties' disposition of the mari-

---

9. We note that sub-section (g) of Rule 1910.12 currently provides that "[i]f no exceptions are filed within the twenty-day period, the interim order shall constitute a final order." Pa. R.C.P.1910.12(g).

tal residence or their respective property rights and obligations. Indeed, section 6 of the Agreement states in relevant part that

> neither party . . . shall ask for . . . property distribution contrary to the provisions of this Agreement. The provisions of this Agreement . . . are accepted by [Wife] and [Husband] as a final settlement for all purposes.

Husband's Complaint, 10/12/07, Exhibit A (the Agreement) sec. 4.

¶ 19 Husband also argues that the trial court could properly modify the obligations that he assumed in sub-section 3.1 of the Agreement pursuant to 23 Pa.C.S.A. § 3105(b),[10] since sub-section 3.1 allegedly "constituted a child support obligation." Brief for Husband at 29–30. We conclude that this argument is also without merit. Sub-section 3.1 governs distribution of the marital residence and the parties' respective rights/obligations as to the property, but in no way concerns the children or the parties' child support obligations. *See* Husband's Complaint, 10/12/07, Exhibit A (the Agreement) § 3.1. Likewise, section 3 of the Agreement as a whole concerns *solely* the "DISTRIBUTION OF PROPERTY AND DEBTS." *Id.* at sec. 3. Thus, 23 Pa.C.S.A. § 3105(b) is inapplicable to these provisions of the Agreement.

¶ 20 Finally, although Husband's brief contains other arguments advanced in support of his first issue, we determine that none of his arguments entitle him to relief.

¶ 21 Husband next contends that the trial court entered an improper damage award, as most of Wife's claimed damages are barred by the applicable four-year statute of limitations.[11] Brief for Husband at 41–43. Specifically, Husband asserts that this statute barred Wife's claim for reimbursement of the mortgage, tax, and insurance payments that she had made on the marital residence before November 15, 2001 (*i.e.,* four years prior to when she filed her Petition for enforcement on November 15, 2005). *Id.* at 41–42. Husband maintains that each time he had failed to make a payment pursuant to the Agreement on the mortgage, taxes, and insurance, a separate cause of action accrued, thereby triggering the limitations period. *Id.* at 41.

¶ 22 We determine that, pursuant to *Crispo v. Crispo,* 909 A.2d 308 (Pa.Super.2006), the statute of limitations does not bar Wife's recovery of the disputed sums. As stated in *Crispo,*

> we need not even scrutinize the relevant time frame because, in the case of continuing contracts, such as postnuptial agreements, **where the duties of the parties are ongoing, the statute of limitations generally does not run.**

*Id.* at 315 (emphasis added, citations omitted). Here, the Agreement constitutes a continuing contract. In the Agreement, in clear and unequivocal language, Husband assumed under sub-section 3.1 the "sole[ ] responsib[ility] for payment of the . . . mortgage currently on the Marital Residence . . . [and] also . . . the . . . taxes and insurance on the Martial [*sic* ] Residence."

---

10. Section 3105(b) states that "[a] provision of an agreement regarding child support . . . shall be subject to modification by the court upon a showing of changed circumstances." 23 Pa.C.S.A. § 3105(b).

11. Both parties agree that the applicable statute of limitations is codified at 42 Pa.C.S.A. § 5525(a)(8). This section provides that "the following actions and proceedings must be commenced within four years: . . . [a]n action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter." *Id.*

Husband's Complaint, 10/12/07, Exhibit A (the Agreement) § 3.1.

¶ 23 Husband directs our attention to the *Crispo* Court's observation that "[w]hen a contract is continuing, the statute of limitations will run either from the time when the breach occurs or when the contract is in some way terminated." Reply Brief for Husband at 5 (quoting *Crispo*, 909 A.2d at 313). Here, however, Husband continued to owe payments on the marital residence, an obligation that he had expressly assumed under sub-section 3.1 of the Agreement. Accordingly, the statute of limitations had not begun to run on Husband's continuing payment obligations.

¶ 24 Moreover, there is no merit in Husband's contention that the instant case is distinguishable from *Crispo* because the trial court in this case purportedly could determine the specific dates on which he was required to pay his contractual obligations under the Agreement. Reply Brief for Husband at 5, 8. Like *Crispo*, the Agreement here "include[s] no specific deadline by which those debts would be paid[,]" and it also does not identify specific amounts owed. *Crispo*, 909 A.2d at 313–14. In fact, the record indicates that at the time of the December 7, 2007 damages hearing, Wife was still paying the taxes and insurance on the marital residence, payments that were Husband's continuing responsibility under sub-section 3.1 of the Agreement. *See id.* at 314. Moreover, our review of the cases that Husband cites in support of this claim indicates that they are distinguishable.

¶ 25 In his final claim, Husband argues that the trial court's reliance on 23 Pa.C.S.A. § 3502(e)(7)[12] as the basis for its award of attorneys' fees to Wife is misplaced, since that statute is allegedly inapplicable to this case. Brief for Husband at 43–44. Specifically, Husband contends that "[s]ection 3502(e) covers cases involving enforcement of orders and agreements of equitable division of marital property, which the case now before th[is] Court is not." Brief for Husband at 44. Husband further asserts that attorneys' fees are generally not recoverable as damages in a breach of contract action, absent a contractual provision to the contrary.[13] *Id.* at 43–44.

¶ 26 Our standard of review of an award of attorneys' fees is well settled: we will not disturb a trial court's determinations absent an abuse of discretion. *Verholek v. Verholek*, 741 A.2d 792, 795 (Pa.Super.1999). A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law. *Id.*

¶ 27 Section 3502(e) affords courts broad powers to enforce compliance "with an order of equitable distribution ... **or with the terms of an agreement as entered into between the parties** ...." 23 Pa. C.S.A. § 3502(e) (emphasis added). Husband correctly points out in his brief that "Husband and Wife never participated in an equitable division of property proceeding as part of their divorce...." Brief for Husband at 44. However, the parties unequivocally expressed their intention that

12. 23 Pa.C.S.A. § 3502(e)(7) provides as follows:

> (e) ... If, at any time, a party has failed to comply with an order of equitable distribution[] ... or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to

any other remedy available under this part, in order to effect compliance with its order:

> * * *
> (7) award counsel fees and costs[.]
*Id.*

13. It is undisputed that the Agreement is silent as to the award of attorneys' fees.

the Agreement was the instrument that would exclusively govern the distribution of their marital property. In the preamble to the Agreement, the parties state that it is their "intention . . . [to] settl[e] fully and finally their respective rights and obligations as between each other including[ ] . . . the ownership of real and personal property. . . ." Husband's Complaint, 10/12/07, Exhibit A (the Agreement) para. 4. Further, the parties agreed that "th[e] Agreement shall control all matters relating to . . . distribution of property[ ] and property rights." *Id.* at sec. 6.

¶ 28 After review, we determine that the trial court had the authority to award Wife attorneys' fees under section 3502(e)(7) *via* the application of 23 Pa.C.S.A. § 3105(a). Section 3105 of the Divorce Code ("the Code"), one of the Code's "Preliminary Provisions," governs the effect of all agreements between parties regarding matters within the jurisdiction of the trial court under the Code. 23 Pa.C.S.A. § 3105. Section 3105(a) provides as follows:

> (a) . . . A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, **may utilize a remedy or sanction set forth in th[e Code] to enforce the agreement** to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

*Id.* § 3105(a) (emphasis added).

¶ 29 Although our research has disclosed no Pennsylvania appellate decisions directly on point, we find guidance in two Common Pleas Court decisions. In *Sinaiko v. Sinaiko*, 23 D & C.4th 86 (Bucks Cty. 1995),[14] the parties, ex-spouses, entered into a property settlement agreement at

the time of an equitable distribution hearing. *Id.* at 87. Husband subsequently breached the agreement, and wife incurred attorneys' fees in her efforts to enforce the agreement. *Id.* at 87–88. In light of husband's defiance of the court's prior order directing him to pay the attorneys' fees, the court found husband in civil contempt and incarcerated him. *Id.* at 86, 88–89, 96.

¶ 30 The *Sinaiko* court rejected husband's claim that it lacked the authority to award wife attorneys' fees (and hold him in contempt for nonpayment of the same.) *See id.* at 92–94. The court held that it could properly award wife attorneys' fees, pursuant to sections 3502(e)(7) and 3105(a) of the Code, based upon husband's breach of the economic terms of the property settlement agreement. *Id.* Specifically, the court observed that

> section 3502(e)[,] relating to noncompliance with an equitable distribution order [or with the terms of an agreement as entered into between the parties], when read together with section 3105(a)[, regarding] enforc[ement of] an agreement by remedy or sanction available under the [ ] Code, provides for enforcement of the economic terms in an agreement, as though by order of court.

*Id.* at 93. The settlement agreement in *Sinaiko* contained a provision requiring husband to pay for the parties' son's law school expenses. *Id.* at 87. According to the court, since this provision was more properly considered an economic term of the agreement, as opposed to a child support obligation, it was thus enforceable under section 3502(e). *Id.* at 93–94. The court further stated that "[i]t should also be noted that counsel fees are a typical remedy for noncompliance with economic terms of a separation agreement. . . ." *Id.* at 94; *accord Fry v. Fry*, 27 Pa. D & C.4th

14. *Aff'd*, 445 Pa.Super. 56, 664 A.2d 1005    (1995).

1, 4–5 (Berks Cty.1995) (holding that where wife refused to comply with a term of the parties' postnuptial agreement regarding disposition of their former marital residence, thereby forcing husband to make extra mortgage payments, section 3502(e)(7) empowered the court to order wife to pay husband's attorneys' fees incurred as a result of his efforts to enforce the agreement.)

¶ 31 In the instant case, Husband had failed to comply with the terms of the Agreement. Wife incurred significant attorney's fees in her pursuit to enforce subsection 3.1 of the Agreement, a provision governing the parties' economic obligations regarding the marital residence. Accordingly, we conclude that the trial court was empowered to award Wife attorneys' fees under sections 3502(e)(7) and 3105(a) of the Code. Moreover, upon our review of the record, we agree with the trial court that "[t]he [H.O.] awarded only those [attorneys'] fees which Wife was able to establish were directly related to enforcing the Agreement." Trial Court Opinion, 9/30/08, at 9.

¶ 32 Based on the foregoing, we conclude that the trial court properly granted Wife's Motion for partial summary judgment. We further determine that the trial court did not err in entering its Order awarding Wife damages, and the court properly dismissed Husband's Exceptions thereto.

¶ 33 Order affirmed.