J-S03013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANN MARIE LEMMI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| KEVIN GEORGE LEMMI, | |
| Appellee | No. 709 WDA 2016 |

Appeal from the Order of April 13, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): 92-2677

BEFORE:  OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                     **FILED JUNE 1, 2017**

Appellant, Ann Marie Lemmi, appeals from the order entered on April 13, 2016,[1] denying her petition to enforce an agreement incorporated into the parties' divorce decree.  Upon careful consideration, we affirm.

The trial court briefly summarized the facts of this case as follows:

> [Appellant] and Kevin George Lemmi (Husband) were married in [1981].  Their son, James, was born January 18, 1982.  During the marriage, [Husband] acquired a tract of land in Hanover Township.  On April 30, 1992, [Appellant] filed a complaint in divorce[.]  On May 25, 1994, the parties entered into a "stipulation," paragraph 2 of which provides: "Husband does hereby agree to convey to the parties' son, Jimmy, at age eighteen ten acres from [H]usband's farm property located in Hanover Township, Washington,

_____

[1]  The order is dated April 16, 2016.  However, the record reflects that the order and accompanying opinion were time-stamped and entered on April 13, 2016.  We have changed the caption accordingly.

* Retired Senior Judge assigned to the Superior Court.

County." On May 27, 1994, the parties were divorced by decree of the Washington County Court of Common Pleas. The decree contained the following language: "It is further ordered that: the 'stipulation' dated May 25, 1994, by and between the said parties be incorporated herein." [The decree was signed by Judge] O'Dell Seneca[.]

James "Jimmy" Lemmi [(Son)] turned eighteen (18) on January 18, 2000. To date, [Husband] has conveyed none of his Hanover Township land to [S]on. There were demands that he do so, oral and written, but none of record until June 29, 2015, when [Appellant] filed a petition to ask the [trial] court to enforce the agreement.

Trial Court Opinion, 4/13/2016, at 1-2 (superfluous capitalization omitted).

On July 15, 2015, counsel for Husband entered his appearance and filed an answer and new matter to the petition to enforce the marital settlement agreement. Appellant filed a response to Husband's answer and new matter on July 27, 2015. The trial court scheduled a hearing for October 6, 2015. Upon consent of both parties, the hearing was rescheduled twice. On January 20, 2016, the trial court entered an order, agreed to by the parties that they were to prepare and file a stipulated set of facts by February 16, 2016, legal memoranda by March 10, 2016, and reply briefs by March 20, 2016. By order entered on April 13, 2016, the trial court denied Appellant relief, based upon the stipulated facts, finding the four-year statute of limitations for contracts barred Appellant's petition to enforce the agreement. This timely appeal resulted.[2]

_____

[2] As previously noted, the trial court order and opinion is dated April 16, 2016; however, the order was time-stamped and docketed on April 13, 2016. The docket reflects that notice of the order's entry was sent to the
*(Footnote Continued Next Page)*

J-S03013-17

On appeal, Appellant raises the following issues for our review:

I.     Even without tolling, based on pure arithmetic of the relevant dates with the application of disputed facts viewed most favorable to Appellant/Son because no evidentiary hearing was held, does the statute of limitations bar Son's claims on the deed and mineral rights leases?

II.    Is equitable tolling present in this case because Husband owed fiduciary duties to Son that included full disclosure, and Son, through [Appellant], brought the petition to enforce within four years of his discovery of the violation of those duties?

III.   Under **Crispo**, **Miller**, and **K.A.R.**,[3] are Husband's duties to Son continuing in nature?

*(Footnote Continued)* _____

parties on April 14, 2016. Pursuant to Pa.R.A.P. 903(a), a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "Generally, the time for appeal commences following the **entry** of a final order." **Reeves v. Middletown Athletic Ass'n**, 866 A.2d 1115, 1120 (Pa. Super. 2004) (citation omitted; emphasis in original). "For this purpose, an order is 'entered' when it has been docketed and notice of the docketing has been given to the parties." **Id.** Here, while the trial court assigned the date, April 16, 2016, to the order challenged on appeal, the trial court opinion is time-stamped, and the docket reflects a **filing** date of April 13, 2016. The time-stamped trial court opinion and the docket further confirm that the parties were given notice of the entry of the order on April 14, 2016. Hence, Appellant had 30 days from April 14, 2016, to file a timely appeal. Because the 30th day fell on a Saturday, Appellant had two additional days to file her notice of appeal or until Monday, May 16, 2016. **See** 1 Pa.C.S.A. § 1908. Appellant filed her notice of appeal timely on May 16, 2016. The trial court issued an order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a concise statement of errors and Appellant complied timely. The trial court relied on its earlier opinion, dated April 16, 2016, to support its decision to deny Appellant relief.
[3] **Crispo v. Crispo**, 909 A.2d 308 (Pa. Super. 2006), **Miller v. Miller**, 983 A.2d 736 (Pa. Super. 2009), and **K.A.R. v. T.G.L.**, 107 A.3d 770 (Pa. Super. 2014), respectively.

- 3 -

IV.    Does Appellant [] have standing to bring this petition on behalf of [] Son?

V.    Because the stipulation was merged into the [divorce] decree (the language of [the] decree says 'incorporated' but lacks the phrase 'not merged'), is the stipulation a court order to which the statute of limitations does not apply?

Appellant's Brief at 3 (complete capitalization and suggested answers omitted).

First, we must address Husband's motion to quash the appeal filed with this Court on August 12, 2016. Here, we have reviewed the parties' various trial court filings, Appellant's Rule 1925(b) statement, her appellate brief, and the trial court's opinion, and conclude that Appellant properly presented and preserved two appellate issues, issues III and V as presented above. Because, as discussed at length below, Appellant preserved two appellate issues, we deny Husband's motion to quash.

We begin our analysis by examining the certified record and looking at the issues currently presented. Our review confirms that Appellant did not raise issues I, II, or IV before the trial court. This is a fatal impediment to appellate review and we find them waived. Pursuant to Pa.R.A.P. 302(a), "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Moreover, once an issue has been decided by the trial court, an appellant may not present a new legal theory on appeal. **See Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008) ("for any claim that was required to be preserved, this Court cannot review a legal

theory in support of that claim unless that particular legal theory was presented to the trial court"). Further, "[a]n appellant's failure to include an issue in [her] Rule 1925(b) statement waives that issue for purposes of appellate review." *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

Upon review, issue I, wherein Appellant currently argues that Husband misled Son and fraudulently concealed gas leases on the property, was not presented to the trial court below and was not properly preserved. With regard to issue II, Appellant argues that the 1994 stipulation "created a *de facto* trust with fiduciary duties upon Husband owed to Son[.]" Appellant's Brief at 10. Appellant did not argue before the trial court that the agreement created a trust or that Husband breached fiduciary duties and she cannot do so now. In issue IV, Appellant argues she has standing to bring this action on behalf of Son. Appellant's Brief at 13. Appellant's standing has never been in question. Appellant has waived these claims.

Finally, we note that Appellant previously argued that the parties' agreement was subject to the 20-year statute of limitations because it was under seal. Appellant's Brief in Support of Enforcing Stipulation, 3/14/2016, at 5-7 (unpaginated). Appellant did not include this issue in her Rule 1925(b) statement and, therefore, she waived it. Moreover, an appellant may abandon a claim on appeal by "fail[ing] to provide a single legal citation in support of [an] argument, or to otherwise develop [an] issue in any meaningful way." *Moranko v. Downs Racing LP*, 118 A.3d 1111, 1117 n.

3 (Pa. Super. 2015). Currently, Appellant does not argue that the agreement was under seal and, thus, she abandoned that claim on appeal.

In issue III, Appellant maintains that Husband had continuing duties under *Crispo*, *Miller*, and *K.A.R.*. Appellant's Brief at 12-13. In issue V, Appellant argues that the parties' stipulation merged into the divorce decree and no statute of limitations applies to the enforcement of a court order. These issues were presented to the trial court, raised in Appellant's Rule 1925(b) statement, and are properly before this Court. Thus, we will confine our appellate review to Appellant's third and fifth issues.

Regarding issue III, Appellant argues, "the statute of limitations does not apply to the deed transfer under *Crispo*, *Miller* and *K.A.R.* due to Husband's continuing duties to Son…." *See* Appellant's Brief at 13.[4] We note that aside from baldly citing *Crispo*, *Miller* and *K.A.R.*, Appellant provides scant legal analysis. On this basis, we could find waiver. *See Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010), *citing* Pa.R.A.P. 2119(b) (citations to authorities must articulate the principles for which they are cited). Even though Appellant's brief on this issue is

---

[4] Appellant also interjects a new argument related to mineral rights, which is not properly before us. *See Andrews v. Cross Atlantic Capital Partners, Inc.*, 2017 WL 1057492, at *4 (Pa. Super. 2017) (an argument on appeal that advances a different legal theory than that offered at trial and post-trial, is waived on appeal).

meagre, however, we conclude that issue III has been preserved and sufficiently presented for our review.

This Court has previously determined:

> The statute of limitations for contracts is four years. [T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises. However, [w]hen a contract is continuing, the statute of limitations will run either from the time the breach occurs or when the contract is terminated. The test of continuity, so as to take the case out of the operation of the statute of limitations, is to be determined by the answer to the question whether the services were performed under one continuous contract, whether express or implied, with no definite time fixed for payment, or were rendered under several separate contracts.

**K.A.R.**, 107 A.3d at 775-776 (internal quotations and citations omitted).

Here, the applicable provision of the stipulation created a one-time obligation to convey property to Son at a specific time, rather than the type of ongoing duty held to support the finding of a continuing contract in **Miller** or **Crispo**. **See Crispo**, 909 A.2d at 313-314 (finding property settlement agreement was a continuing contract where one party was required to make the other's credit card payments and to make installment payments on a business interest and no start or end dates for payments were specified); **Miller**, 983 A.2d at 742-743 (holding settlement agreement was a continuing contract where husband was required to make mortgage and tax payments on marital residence and agreement did not indicate specific amounts owed or a deadline for payment). Based upon the foregoing, the stipulation at issue in this case was not a continuing contract. **See K.A.R.**,

107 A.3d at 778 (determining that there was no continuing contract because the agreement at issue provided a specific date when the husband became obligated to make the payment of a specific amount to wife).

Moreover, even if the stipulation between Appellant and Husband were considered to be a continuing contact, the statute of limitations still would bar Appellant's claim made in 2015. The latest date any party possibly was required to pay anything under the stipulation was when Son reached 22 years of age. *See* Stipulation, 5/25/1994, at ¶ 5 (providing that Husband list Son as sole beneficiary of any employer-provided insurance policy until Son turns 18 or graduates college, "until a maximum age of twenty-two years"). Thus, the contract was terminated, at the latest, on Son's 22nd birthday in 2002. Accordingly, the four-year statute of limitations expired in 2006, long before Appellant sought to enforce the stipulation. *Accord GAI Consultants, Inc. v. Homestead Borough*, 120 A.3d 417, 426 (Pa. Cmwlth. 2015) (holding that the statute of limitations would not begin to run on breach of continuing tax increment financing agreement until the termination of the contractual relationship). Accordingly, Appellant is not entitled to relief on her third appellate claim.

Next, the entire sum of Appellant's fifth argument, as presented, is as follows:

> The [s]tipulation is incorporated AND merged into the [d]ivorce [d]ecree. The [s]tipulation is therefore enforceable as part of the [d]ecree. No statute of limitations applies to a [c]ourt [o]rder, including a divorce

decree. 23 Pa.C.S.A. § 3105(a). As a result, all of Husband's time-bar defenses are inapplicable here.

Appellant's Brief at 13-14 (record citation omitted).

When interpreting a marital settlement agreement,

the trial court is the sole determiner of facts and absent an abuse of discretion, we will not usurp the trial court's fact-finding function. On appeal from an order interpreting a marital settlement agreement, we must decide whether the trial court committed an error of law or abused its discretion.

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and due consideration. Such discretion is not absolute, but must constitute the exercise of sound discretion. This is especially so where, as here, there is law to apply. On appeal, a trial court's decision will generally not be reversed unless there appears to have been an abuse of discretion or a fundamental error in applying correct principles of law. An abuse of discretion or failure to exercise sound discretion is not merely an error of judgment. But if, in reaching a conclusion, law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or lacking in reason, discretion must be held to have been abused.

Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

\* \* \*

Marital settlement agreements are private undertakings between two parties, each having responded to the give and take of negotiations and bargained consideration. A marital support agreement incorporated but not merged into the divorce decree survives the decree and is enforceable at law or equity. A settlement agreement between spouses is

governed by the law of contracts unless the agreement provides otherwise. The terms of a marital settlement agreement cannot be modified by a court in the absence of a specific provision in the agreement providing for judicial modification.

Established Pennsylvania law states:

> When interpreting the language of a contract, the intention of the parties is a paramount consideration. In determining the intent of the parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language was chosen carelessly. When interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties' intent.

In other words, the intent of the parties is generally the writing itself. In ascertaining the intent of the parties to a contract when unclear from the writing itself, the court considers the parties' outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions.

*Stamerro v. Stamerro*, 889 A.2d 1251, 1257–1258 (Pa. Super. 2005)

(internal citations, quotations, brackets and footnote omitted).

Moreover, this Court previously determined:

> If a [marital] agreement survives as an enforceable contract, it is governed by the law of contracts. If a [marital] agreement merges into a divorce decree, however, the agreement takes on all of the attributes of support [o]rders for purposes of modification and enforcement. The key to analyzing questions of merger and modifiability is to ascertain whether or not a merger was intended by the parties. The starting point for determining the intent of the parties is the language and terms of the agreement itself. If the language is clear and unambiguous, this court need only examine the writing itself to give effect to the parties' understanding.

J-S03013-17

***Jones v. Jones***, 651 A.2d 157, 158–159 (Pa. Super. 1994) (internal citations, quotations, and original brackets omitted).

In this case, the divorce decree states, "IT IS FURTHER ORDERED THAT: the "STIPULATION" DATED MAY 24, 1994, by and between the parties be incorporated herein." Decree, 5/31/1994. We previously determined:

> [A]ny agreement which speaks of incorporation but rejects merger was intended by the parties not to be brought [before the trial court] for the enforcement of separation agreements. Only by an [o]rder which does not reject merger, or required court enforcement of the agreement, does it become part of the decree and have the effect of an [o]rder. By renouncing merger and failing to have language in the decree requiring enforcement as a court [o]rder, the contract survives.

***McMahon v. McMahon***, 612 A.2d 1360, 13638 (Pa. Super. 1992). In this case, upon a plain reading review, the marital agreement was expressly incorporated, but not expressly merged, into the divorce decree. As the trial court properly concluded:

> In this case, the parties agreed that [Husband] would take some action in the future. That promise was part of a contract which was separate and independent from the divorce decree and which must be enforced, if at all, according to the law of contracts.

Trial Court Opinion, 4/13/2016, at 3. We agree and discern no error of law or abuse of discretion.

Moreover, even if the agreement was ambiguous regarding merger, the parties did not intend for the trial court to continue monitoring the agreement. As the trial court further noted, Husband "had to do a single

thing at a single time, *i.e.*, convey 10 acres to his son in the year 2000." ***Id.*** at 3-4. It was a simple contract between the parties, subject to the statute of limitations and not subject to court modification. Thus, the trial court correctly determined the agreement did not merge with the divorce decree. The agreement between the parties was a separate, stand-alone contract and the trial court correctly applied the applicable four-year statute of limitations and determined that Appellant's claims were time-barred. Accordingly, Appellant is not entitled to relief on her sole, preserved appellate issue.

Finally, on December 19, 2016, Appellant filed a motion to correct the record pursuant to Pa.R.A.P. 1926(b)(1). Appellant contends that because "the lower court did not conduct [a] hearing[,] critical testimony of [Son] is absent from the record now before this Court." Motion to Correct Record, 12/19/2016, at ¶ 3. Attached to the motion to correct the record is an affidavit from James Lemmi. Rule 1926(b)(1) provides that "[i]f anything material to a party is omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein, the omission or misstatement may be corrected[.]" Appellant does not aver that Son's testimony was omitted by error, court breakdown, accident, or misstatement. Instead, Appellant is attempting to submit additional evidence to this Court that was not presented to the trial court. We conclude that Appellant cannot circumvent our procedural rules in this manner and that Rule 1926 is inapplicable. Hence, we deny Appellant relief.

- 12 -

Order affirmed.  Motion to Quash denied.  Motion to Correct Record denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/1/2017