J-A30028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIANA L. SNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES E. SNYDER | : | No. 478 WDA 2018 |

Appeal from the Order, March 29, 2018,
in the Court of Common Pleas of Allegheny County,
Family Court at No(s):  FD 11-008218-002.

| | | |
|---|---|---|
| DIANA L. SNYDER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES E. SNYDER | : | No. 479 WDA 2018 |

Appeal from the Order, March 7, 2018,
in the Court of Common Pleas of Allegheny County,
Family Court at No(s):  11-008218-002.

BEFORE:   SHOGAN, J., KUNSELMAN, J., and STRASSBURGER*, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 09, 2019**

In this consolidated action, Diana Snyder (Wife) appeals from three orders that directed her to pay counsel fees and sanctions totaling $1,850. She argues that the trial court lacked statutory authority to issue the orders. She further contends that the court issued the orders in violation of her due

_____
* Retired Senior Judge assigned to the Superior Court.

process rights. Finally, she submits that the orders constituted an abuse of the court's discretion. We affirm.

The crucial facts are these:

In October 2017, Wife and Charles Snyder (Husband) appeared before a domestic relations master to litigate equitable distribution. At the hearing, as is common, the parties settled and reduced their agreement to a consent order of court. Critically, at least for the purpose of this appeal, the consent order directed the parties to file their affidavits and waivers within 10 days; the order further directed Wife to praecipe to transmit thereafter. Four months passed, and Wife did not comply. So in February 2018, Husband took to motions court seeking Wife's compliance. He also sought counsel fees and sanctions for his trouble.

Wife, responding to the motion, presented two explanations for the delay. First, the consent order, as docketed, was missing two pages. Indeed, Wife represented that the provisions requiring her to file the affidavits and waivers were among the missing pages. She stated that the department of court records would not fix the mistake.

Second, Wife's counsel contended that she could not file the affidavits and waivers, because the consent order specifically reserved for the master two still-unresolved equitable distribution issues. Husband responded that the master had already resolved those issues during the hearing, and did so on the record. Wife vehemently disagreed and surmised that she, not Husband, was the party entitled to fees.

The trial court ruled that, regardless of whether the property disputes lingered, Wife had agreed to file her affidavits and waivers, and to praecipe to transmit. The trial court ordered Wife to comply.

Regarding the allegedly outstanding property issues, the trial court ordered the transcript from the master's hearing. The court directed the parties to split the cost, and it deferred ruling on the parties' request for counsel fees and sanctions until the transcript could be reviewed. Because the parties' representations of what transpired before the master were so irreconcilable, the court made clear that the prevailing party would be entitled to an award of counsel fees. Both parties "boisterously proclaimed that they looked forward to collecting their fees upon receipt of the transcript." *See* Trial Court Opinion, 6/12/18, at 4.

While the transcript was being created, Wife again failed to file her affidavit and waiver, nor did she praecipe to transmit. Husband prepared and served another motion to enforce. By the time he actually presented the motion, Wife had complied.[1] Still, the court observed that Wife disobeyed its order for the second time. Wife's only justification was that her tardiness was *de minimis*, and that Husband acted unreasonably. The trial court found otherwise:

> Were this Wife's sole delay and sole failure to comply with an order, this court would likely have agreed with her. However, Wife's noncompliance was preceded by a four

---

[1] Wife was five days late to file the affidavits and waiver, and 15 days late to praecipe.

- 3 -

> month period of delay and failure to abide by the consent
> order on the exact same issue.

*Id.* at 5. As a result of Wife's untimeliness, on March 6, 2018, the court awarded Husband $500 in counsel fees and $300 in sanctions.

Afterward, the parties received the transcript from the master's hearing. Just as Husband averred, the transcript clearly and unambiguously proved his position. Husband presented another motion to collect the court's deferred award. Rather astoundingly, Wife had yet to pay the $800 award that the trial court had just issued on account of her noncompliance. On March 27, 2018, the court ordered Wife to pay another $750 in fees based on the contents of the transcript; the court further ordered Wife to pay an additional $300 in fees for her refusal to comply with the March 6, 2018 order.[2] The sum total of fees and sanctions amounted to $1,850.

On April 6, 2018, Wife timely filed two notices of appeal – one from the March 6 Order, docketed at 478 WDA 2018, and the second from the March 27 Order.[3] This Court consolidated the matters. Both Wife and the trial court have complied with Pa.R.A.P. 1925.

Wife raises three issues for our review, which we reorder for ease of disposition:

---

[2] These directives were reduced to two separate orders, both dated March 27, 2018.

[3] The March 6 order was not filed until March 7, making Wife's Notice of Appeal timely. *See* Pa.R.A.P. 108(b).

1. Whether the trial court erred in awarding counsel fees and sanctions without any statutory or contractual basis relied upon by the party requesting the counsel fees and sanctions and by the court?

2. Whether the trial court erred in awarding counsel fees and sanctions on a Motion for Contempt and a Motion for Counsel Fees and Sanctions without any testimony or argument on the record, without a hearing, without any findings of fact or finding of contempt and without any opportunity for Wife to explain or defend herself?

3. Whether the trial court abused its discretion in awarding counsel fees and sanctions in its March 6, 2018 and March 27, 2018 Orders of Court?

*See* Wife's Brief at 5.

In these types of matters our review is well settled: we will not disturb a trial court's determinations absent an abuse of discretion. *Miller v. Miller*, 983 A.2d 736, 743 (Pa. Super. 2009) (citation omitted). A trial court has abused its discretion if it failed to follow proper legal procedures or misapplied the law.

In her first issue, Wife asserts that "there is absolutely no legal basis for the award" of counsel fees and sanctions. *See* Wife's Brief at 10. As far as we can tell, the trial court did not specify upon which basis it awarded fees and sanctions until it issued its Rule 1925(a) opinion. There, the court justified its ruling by citing to 42 Pa.C.S.A. § 2503(7), (9).[4]

_____

[4] **§ 2503. Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

Under which authority the trial court ruled is of no moment.  We are not bound by the trial court's rationale, and we may affirm on any grounds. ***Preferred Contractors Insurance Company, RRG, LLC v. Sherman***, 193 A.3d 1009, 1022 n. 3 (Pa. Super. 2018).  More to the point, Wife is incorrect that the trial court lacked authority to impose the fees or sanctions.

A judge imposing sanctions for violation of a court order in an action under either the Divorce Code or the Domestic Relations Code enjoys the full powers of a court of equity. ***See*** 23 Pa.C.S.A. § 3323 (f) (providing that court in divorce action has "full equity power and jurisdiction"); ***Prol v. Prol***, 935 A.2d 547, 553 (Pa. Super. 2007);[5] ***Stamerro v. Stamerro***, 889 A.2d 1251,

---

\*\*\*

(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

\*\*\*

(9)  Any participant who is awarded counsel fees because the conduct of another party in commencing the matter *or otherwise* was arbitrary, vexatious or in bad faith.

[5] "[T]he Divorce Code grants trial courts broad powers to enforce orders of equitable distribution, and provides remedies available against one who fails to comply with a court's order of equitable distribution." ***Prol***, 935 A.2d at 553 (quoting ***Richardson v. Richardson***, 774 A.2d 1267, 1270 (Pa. Super. 2001)).

1257 (Pa. Super. 2005).[6]  The court may therefore impose any appropriate sanction for noncompliance with its orders. **Prol**, 935 A.2d at 553.

Moreover, 23 Pa.C.S.A. § 3502 (Equitable division of marital property) affords the courts broad powers to enforce compliance with an order of equitable distribution or the terms of an agreement as entered into between the parties. **See** 23 Pa.C.S.A. § 3502(e); **see also Miller**, **supra**, 983 A.2d at 743-744.  It makes no difference whether the equitable distribution order was the result of a settlement agreement or a court award:

> A party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, **may utilize a remedy or sanction set forth in [the Code] to enforce the agreement** to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

23 Pa.C.S.A. § 3105(a) (Effect of an agreement between parties) (emphasis added).

Wife cites two cases for the contrary position, **Samuel – Bassett v. Kia Motors America, Inc.**, 34 A.3d 1 (Pa. 2011), and **Olympus Corp. v. Canady**, 962 A.2d 671 (Pa. Super. 2008).  However, she does not explain

---

[6] "The powers of a domestic relations judge are plenary and the function is that of a law judge or equity chancellor as the case demands." **Stamerro**, 889 A.2d at 1257 (quoting **Horowitz v. Horowitz**, 600 A.2d 982, 984 n. 1 (Pa. Super. 1991)).

how either case supports her position, and neither decision, in our view, has any relevance here.[7]  Wife's first issue is meritless.

In her second issue, Wife contends that she was deprived of due process.  Specifically, she argues that she was entitled to an evidentiary hearing and opportunity to present her case.  We disagree.

Generally, an evidentiary hearing is necessary to dispose of counsel fee claims. *In re Estate of Burger*, 852 A.2d 385, 391 (Pa. Super. 2004). However, no hearing is necessary where the facts are undisputed. *Id.*

Here, no fact was in dispute.  Wife's counsel admitted that she thrice failed to comply with court orders. Moreover, the court noted that Wife enthusiastically approved of the court's plan to defer its award pending its review of the master's hearing transcript.  The only determination the court had to make was whose position the transcript corroborated.  Upon its review

---

[7] *See Samuel-Bassett*, 34 A.3d at 57 ("Pennsylvania generally adheres to the American Rule, under which a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception."); *see Olympus Corp.*, 962 A.2d at 677 ("Pennsylvania courts can award counsel fees to the prevailing party when authorized by statute or rule of court, upon agreement of the parties, or pursuant to some other recognized case law exceptions.").

As detailed above, our legislature and our case law have equipped matrimonial courts with full equity power and jurisdiction to issue such awards.

of the transcript, the trial court sided with Husband.[8]  No evidentiary hearing was necessary.  Her second issue fails.

In her third issue, Wife states that the court abused its discretion when it issued the awards.  Wife does not argue how the trial court abused its discretion, nor does she explain why she refused to comply with the February order or March 6 order.  Wife merely states the reasons she did not initially comply with the Consent Order.  Thus, Wife merely re-litigates Husband's February motion.

She explains that she waited four months to file the affidavits and waivers, because she mistakenly believed that the master would issue a report and recommendation on the loans and division of personal property.

Perhaps Wife is correct.  Even though the master ruled from the bench, perhaps better housekeeping would have been to issue a simultaneous written order.  This way, there would have been no question when and how the parties could file exceptions.  Regardless of whether Wife's delay was reasonable, her initial inaction was not the cause of the court's awards.  Only when Wife refused to comply with the February order did the court issue the March 6 award.  And only when Wife blatantly refused to comply with that order too, did the court issue the March 27 award.  The court did not abuse its discretion.  Wife's third issue is similarly devoid of merit.

---

[8] The matters that Wife claimed were unresolved were two marital loans and some personal property.  The master clearly ruled that the loans offset each other and then proceeded to divide and assign the property. *See* N.T. Master's Hearing, 10/3/17, at 56-64.  There were no outstanding issues.

- 9 -

In sum, the trial court had the authority to impose counsel fees and sanctions. The imposition of the same did not deprive Wife of due process nor was the imposition an abuse of discretion.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2019